# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEANDREW DEONTA JONES,

Defendant-Appellant.

UNPUBLISHED
November 28, 2017

No. 333929
Oakland Circuit Court
LC No. 2014-250976-FH

---

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

A jury convicted defendant of felon in possession of a firearm (felon-in-possession), MCL 750.224f, assault with a dangerous weapon, MCL 750.82, domestic violence, MCL 750.81(3), assault by strangulation, MCL 750.84(1)(b), aggravated stalking, MCL 750.411i, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.13, to 12 to 30 years' imprisonment for each of the felon-in-possession, assault by strangulation, and aggravated stalking convictions; 10 to 15 years' imprisonment for the felonious assault conviction; 143 days, time served, for the domestic violence conviction; and two years' imprisonment for the felony-firearm convictions. This Court affirmed defendant's convictions, but remanded for a *Crosby*[1] hearing pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).[2] On remand the trial court affirmed defendant's original sentence and declined to resentence him. Defendant appeals the order by right. For the reasons set forth in this opinion we affirm.

As noted, following the *Crosby* remand, the trial court provided defendant an opportunity to avoid resentencing; however, defendant did not respond. Pursuant to *Lockridge*, the trial court then sought input from defense counsel regarding whether defendant should be resentenced.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] *People v Jones*, unpublished opinion per curiam of the Court of Appeals, issued February 11, 2016 (Docket No. 324954).

Defense counsel requested resentencing, although he did not argue why resentencing was appropriate. On June 22, 2016, the trial court issued a written order stating, in relevant part:

> The Court, now having reviewed and considered the submissions of counsel, the circumstances existing *only* at the time of the original sentence, as well as the court record in this matter, finds that the Court would have imposed the same sentence but for the unconstitutional constraint on the Court's discretion as set forth in *Lockridge*, supra, and thus, shall not resentence Defendant in this matter.

On appeal, defendant argues that the trial court erred when it failed to articulate reasons why it would have imposed the same sentence such that a remand is necessary. Whether defendant is entitled to a remand pursuant to *Lockridge* involves a question of law, which is reviewed de novo. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011).

In *Lockridge*, 498 Mich at 398, our Supreme Court set forth the procedures for a *Crosby* remand. The first step requires the trial court to "include an opportunity for a defendant to avoid resentencing by promptly notifying the trial judge that resentencing will not be sought." *Id*. If a defendant does not notify the court regarding his or her intent, the trial court should then "obtain the views of counsel" on whether resentencing is appropriate. *Id*. The trial court may decide "with or without a hearing" whether resentencing is necessary, and should only consider the "circumstances existing at the time of the original sentence." *Id*. "Upon making that decision, the trial court shall either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence[.]" *Id*. (quotation marks omitted).

In this case, the trial court adhered to the *Crosby* procedure set forth in *Lockridge*. Specifically, defendant was given an opportunity to avoid resentencing by the trial court. Because defendant did not respond to this inquiry, the trial court then sought input from defense counsel regarding whether defendant should be resentenced. The trial court decided the issue without a hearing and entered an order stating that defendant would not be resentenced because, considering only circumstances that existed at the time of the original sentencing, the trial court would have imposed the same sentence but for the unconstitutional constraint on its discretion. The trial court also indicated that it reviewed certain information in determining whether resentencing was appropriate. Specifically, the trial court stated that it had (1) reviewed and considered the submissions of counsel, (2) considered only circumstances that existed at the time of the original sentencing, and (3) reviewed the court record. In doing so, the court provided an "appropriate explanation" for declining to resentence defendant and met all other procedural requirements for a *Crosby* remand. See *Lockridge*, 498 Mich at 398. Therefore, a remand is not warranted.

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan